IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HELEN CHRIS BRASSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-1124-WKW-WC |
| | ) |
| GOODWILL INDUSTRIES, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 31, 2014, Plaintiff, proceeding *pro se*, filed this complaint pursuant to the Family Medical Leave Act, 29 U.S.C. 2601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. 12102 *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq.*, naming Goodwill Industries as the defendant. Compl. (Doc. 1) at 1-2. On November 3, 2014, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 4).

Upon an initial review of the Complaint, the court was concerned with the lack of factual basis to support Plaintiff's legal assertions. Specifically, the court found the following issues with Plaintiff's complaint:

> Aside from stating her age and race, Plaintiff does not allege a single fact to support that Goodwill discriminated against her on the basis of any characteristic protected by Title VII of the Civil Rights Act. Nor does Plaintiff provide any facts to show that she suffers from a disability or how she was discriminated against on the basis of that disability in violation of the Americans with Disabilities Act ("ADA"). Plaintiff also fails to state

any facts sufficient to identify under which provision of the Family Medical Leave Act she seeks relief.

Order (Doc. 5) at 2.  Accordingly, on November 6, 2014, the court ordered Plaintiff to "file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure so that this court may comply with its statutory screening obligation and, if appropriate, Defendant may respond to Plaintiff's allegations."  *Id.* at 3.  The court's order clearly stated:  "***Plaintiff is warned that her failure to amend will result in this court's recommendation that this case be dismissed.***"  *Id.* (emphasis in original).

The time allotted Plaintiff for filing an amended complaint expired on November 27, 2014.  As of the present date, Plaintiff has failed to abide by, or even file a response to, the court's order.  In view of Plaintiff's failure to respond to the court's order and her failure to satisfy her obligations under the Federal Rules of Civil Procedure, it appears that Plaintiff has abandoned her claims.  Thus, the court concludes that Plaintiff's failure to comply with the orders of this court and her failure to properly prosecute this cause of action warrant dismissal of this case.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see also Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing to Rule 41(b) of the Federal Rules of Civil Procedure and holding that "[t]he [district] court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this

case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of the court and her failure to properly prosecute this cause of action.

It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the Recommendation **on or before December 16, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar Plaintiff from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of December, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE